UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZENWORK, INC. f/k/a TECHATLANTIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVALARA, INC., <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT AND JURY DEMAND** |

CIVIL COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Zenwork, Inc. f/k/a Tech Atlantis, Inc., by and through counsel, respectfully states as follows for its Civil Complaint for Breach of Contract against Defendant Avalara, Inc.:

PARTIES

1. Plaintiff Zenwork, Inc. f/k/a Tech Atlantis, Inc. ("TechAtlantis") is an Arkansas corporation and citizen of the State of Arkansas with its principal place of business located at One East Center Street, Suite 250, Fayetteville, AR 72701.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

2.     Defendant Avalara, Inc, ("Avalara") is a Washington corporation and citizen of Washington with its principal place of business located at 100 Ravine Lane N.E., Suite 220, Bainbridge Island, Washington, 98110.

3.     Defendant Avalara may be served with process to its registered agent, listed with the Secretary of State for the State of Washington as, CT Corporation System, 505 Union Avenue S.E., Suite 120, Olympia, Washington 98501-1474.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this action pursuant to 28 U.S.C. § 1332(a). The parties to this cause are citizens of different States and the amount in controversy exceeds $75,000.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), as Defendant's principal place of business is located in this judicial district.

## FACTS

6.     TechAtlantis is engaged in the business of providing web-based services for data collection and electronic filing of certain information and employment income returns.

7.     Avalara is engaged in the business of providing web-based services for preparation of sales tax and other returns.

8.     On or about November 24, 2014, TechAtlantis and Avalara entered into that certain Reseller Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit "A."

9.     Under the Agreement, among other things, TechAtlantis provided its web-based services marketed as "Avalara1099" to Avalara, and Avalara, as a much larger company, would utilize TechAtlantis' products and assist in marketing TechAtlantis products to potentially grow its market share.

10. The initial term of the Agreement was from the effective date of November 24, 2014 through March 31, 2016.  Ex. A, at § 10.1.

11. The term of the Agreement would automatically renew unless either party provided notice of an intent not to renew.  Ex. A, at § 10.1.

12. TechAtlantis provided notice that it did not intend to renew the Agreement on or about January 26, 2016.  A copy of the notice is attached herein as Exhibit "B."

13. At the time of the notice of non-renewal, TechAtlantis did not desire to terminate the relationship entirely, but hoped to renegotiate terms of the Agreement.  Under the existing Agreement, TechAtlantis was incurring significant upfront costs and wanted to negotiate with Avalara a way to reduce the enormous financial burden.

14. The Agreement provides that upon termination, the parties will enter into a six-month Post-Termination Wind-Down Period.  Ex. A, at § 10.3.

15. Critically to TechAtlantis, during the Post-Termination Wind-Down period "each Party will continue to pay the other Party any amounts due to such Party per the Agreement."  Ex. A, at ¶ 10.3.7.

16. The Agreement provides that Avalara will pay TechAtlantis monthly.  Ex. A, at § 5.3.2. ("All amounts owed to [TechAtlantis] under this Section 5.3.2 will accrue upon the delivery of the foregoing products regardless of the time of the collection by [Avalara] and will be paid by [Avalara] to [TechAtlantis] on a monthly basis.")

17. TechAtlantis has invoiced Avalara for work performed since late 2015, and each and every invoice submitted has gone unpaid.  A true and correct copy of the invoices issued are attached collectively herein as Exhibit "C."

18. The unpaid invoices, reflecting the amount owed by Avalara to TechAtlantis total $902,381.4

19. Despite repeated demand, Avalara refuses to pay TechAtlantis.

20. Despite Avalara's clear breach of contract, TechAtlantis has continued to provide access to the information maintained on its database, to Avalara and its customers. This access is maintained at a cost to TechAtlantis.

21. Avalara and its customers have continued to login and utilize the TechAtlantis product during the Wind-Down Period, and have paid nothing to TechAtlantis for its services.

## COUNT I

(Breach of Contract)

22. TechAtlantis restates and incorporates all preceding paragraphs herein as if set forth word for word.

23. TechAtlantis and Avalara entered into the Agreement and became legally bound to the covenants and obligations contained therein. Ex. A.

24. TechAtlantis has fully performed under the Agreement.

25. TechAtlantis has invoiced Avalara for the services provided, pursuant to the Agreement. Ex. B.

26. Avalara has refused to pay the amounts due to TechAtlantis.

27. Avalara is in breach of, at a minimum, sections 5.3.2 and 10.3.7 of the Agreement.

28. As a result of Avalara's breaches of the Agreement, TechAtlantis has suffered actual damages of at least $902,381.40.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

29. As a result of Avalara's breaches of the Agreement, damages to TechAtlantis are ongoing and it reserves the right to claim all consequential and incidental damages that flow from Avalara's breaches of the Agreement.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zenworks, Inc. f/k/a TechAtlantis, Inc. respectfully requests that the Court:

30. Enter judgment in favor of Plaintiff on its breach of contract claim and award Plaintiff all damages, costs, and fees incurred as a result;

31. Award Plaintiff all such other relief, both at law and in equity, as the Court may find just and proper.

JURY DEMAND

Pursuant to Rule 38 of the federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury.

DATED:  August 22, 2016

        MICHELLE PETERSON LAW, PLLC

        By  *s/Michelle Peterson*
        Michelle Peterson, WSBA No. 33598
        michelle@michellepetersonlaw.com
        Michelle Peterson Law, PLLC
        1420 Fifth Avenue, Suite 2200
        Seattle, WA  98101
        (206) 224-7618

        *Attorney for Zenwork, Inc. f/k/a TechAtlantis, Inc.*