The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ZENWORK, INC. f/k/a TECHATLANTIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVALARA, INC., <br><br> Defendant. <br><br> AVALARA, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> ZENWORK, INC. f/k/a TECHATLANTIS, INC. d/b/a EXAKTO.COM; 1099ONLINE.COM, TAX1099.COM; EZ2290; EZIFTA; EZEXTENSION; and FBARONLINE, <br><br> Counterclaim Defendants. | NO.  2:16-cv-01325-RAJ <br><br> ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 1
No. 2:16-cv-01325-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Defendant Avalara, Inc. ("Avalara"), in answer to the Complaint of Plaintiff Zenwork, Inc. f/k/a TechAtlantis, Inc. ("TechAtlantis"), responds and asserts affirmative defenses and counterclaims as follows. All allegations not expressly admitted are denied.

## PARTIES

1. Avalara admits the allegations in Paragraph 1.

2. Avalara admits the allegations in Paragraph 2 except that it denies the allegations regarding principal place of business.

3. Avalara admits the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. Avalara admits the allegations in Paragraph 4.

5. Avalara admits the allegations in Paragraph 5.

## FACTS

6. Avalara is without sufficient information to admit or deny the allegations in Paragraph 6 and therefore denies them.

7. Avalara admits the allegations in Paragraph 7, but denies that these allegations are a complete recitation of Avalara's business activities.

8. Avalara admits the allegations in Paragraph 8.

9. Responding to the allegations in Paragraph 9, Avalara admits that the Agreement required TechAtlantis to provide certain web-based services branded as Avalara 1099. Avalara otherwise denies the allegations in Paragraph 9.

10. Avalara admits the allegations in Paragraph 10.

11. Avalara admits the allegations in Paragraph 11.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 2
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

12. Responding to the allegations in Paragraph 12, Avalara admits TechAtlantis sent the email attached as Exhibit B to Avalara on January 26, 2016, by which it terminated the Agreement. Avalara otherwise denies the allegations in Paragraph 12.

13. Responding to the allegations in Paragraph 13, Avalara denies Exhibit B was a notice of non-renewal. Avalara is without sufficient information to admit or deny the remaining allegations in Paragraph 13 and therefore denies them.

14. Avalara admits the allegations in Paragraph 14.

15. Responding to the allegations in Paragraph 15, Avalara admits the quoted language is contained in the Agreement. Avalara is without sufficient information to admit or deny the remaining allegations in Paragraph 15 and therefore denies them.

16. Responding to the allegations in Paragraph 16, Avalara admits that the quoted language appears in the Agreement. Avalara denies the remaining allegations in Paragraph 16.

17. Responding to the allegations in Paragraph 17, Avalara admits TechAtlantis issued the invoices attached as Exhibit C. Avalara denies the remaining allegations in Paragraph 17.

18. Avalara denies the allegations in Paragraph 18.

19. Responding to the allegations in Paragraph 19, Avalara admits it has refused to pay TechAtlantis amounts it does not owe. Avalara otherwise denies the allegations in Paragraph 19.

20. Avalara denies the allegations in the first sentence of Paragraph 20. Avalara is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 20 and therefore denies them.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 3
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

21. Responding to the allegations in Paragraph 21, Avalara admits that, during the Wind-Down Period, Avalara and certain customers of Avalara have continued to login and utilize certain portions of the services provided by TechAtlantis as required by the Agreement, but denies that TechAtlantis is entitled to payment for the invoiced amounts and denies that Avalara and its customers have had access to all of the information to which they are entitled under the Agreement.

## **COUNT 1**

22. Responding to the allegations in Paragraph 22, Avalara refers to and incorporates its responses to Paragraphs 1–22.

23. Avalara admits the allegations in Paragraph 23.

24. Avalara denies the allegations in Paragraph 24.

25. Responding to the allegations in Paragraph 25, Avalara admits TechAtlantis issued the invoices attached as Exhibit C, but denies it owes the invoiced amounts.

26. Responding to the allegations in Paragraph 26, Avalara admits it has refused to pay amounts due to TechAtlantis it does not owe. Avalara otherwise denies the allegations in Paragraph 26.

27. Avalara denies the allegations in Paragraph 27.

28. Avalara denies the allegations in Paragraph 28.

29. Avalara denies the allegations in Paragraph 29.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 4
No. 2:16-cv-01325-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**FIRST AFFIRMATIVE DEFENSE**
**(Setoff)**

The Complaint fails, in whole or in part, because the damages alleged by TechAtlantis are set off by amounts due and owing to Avalara as a result of TechAtlantis' breaches of the Agreement.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

TechAtlantis has failed to mitigate its damages, if any, and to the extent of such failure to mitigate, any damages awarded should be reduced accordingly.

**THIRD AFFIRMATIVE DEFENSE**
**(Estoppel)**

TechAtlantis' causes of action are barred by the equitable doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

As a separate defense to the Complaint and each cause of action therein, Avalara alleges TechAtlantis would be unjustly enriched if allowed to recover based on the allegations set forth in the Complaint.

**COUNTERCLAIM**

**PARTIES**

1.   Avalara, Inc. ("Avalara") is a Washington corporation, with its principal place of business in Seattle, Washington.

2.   Zenwork, Inc. f/k/a TechAtlantis, Inc. ("TechAtlantis") is an Arkansas corporation, with its principal place of business in Fayetteville, Arkansas.  On information and belief, TechAtlantis does business under the following names:  Exakto.com; 1099online.com; Tax1099.com; EZ2290; EZIFTA; EZExtension; and FBARonline.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 5
No. 2:16-cv-01325-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction because the parties are citizens of different states and the claims herein exceed $75,000, exclusive of attorneys' fees and costs. 28 U.S.C. § 1332. This Court also has federal question jurisdiction over Avalara's trademark infringement claims and supplemental jurisdiction over the state law claims because they form part of the same case or controversy as the trademark infringement claims. 28 U.S.C. §§ 1331, 1367.

4. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the claims in this litigation occurred in this district. Venue is also proper in this district because the parties agreed that any dispute between them concerning the agreement at issue herein would be proper only in this district.

## FACTS

**Avalara, TechAtlantis, and TechAtlantis' Tax1099 Service**

5. Avalara is a leading provider of cloud-based services that automate compliance with government tax reporting.

6. In 2014, Avalara was seeking to license technology that would allow Avalara to provide its customers with an Avalara-branded IRS Form-1099 preparation and filing solution. Generally speaking, Form-1099 forms (of which there are a number of variants) are used for reporting various types of income other than wages, salaries and tips. Customers of Avalara1099 could submit additional forms, including 1098, 8809, 3921, 3922, 1042-S, W2, W2-C, 940, 941 and 944.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 6
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

7. In early 2014, Avalara became aware of TechAtlantis, which represents itself as a provider of "IRS-approved cloud-based tax solutions." Avalara entered a Mutual Non-Disclosure Agreement dated April 11, 2014, which prohibited the parties from disclosing one another's confidential information (the "NDA").

8. Among other things, TechAtlantis operates a web-based service, which it markets, among other branding, as "Tax1099," that "solicits IRS W-9 information; imports payment data through both file import and custom integrations; and manages the creation, validation, filing and distribution of completed IRS 1099 forms" ("Tax1099").

9. At the time, TechAtlantis described Tax1099 as "an ideal solution for small business, independent accountants, bookkeepers, CPA firms, corporations of all sizes, and third party filers requiring multiple company support," and touted Tax1099 on the Tax1099.com website as a "1 Stop 1099 Compliance Solution" that was easy to use, had "Guaranteed Accuracy" and provided "Bank Grade Security" of data.

10. TechAtlantis' website touted that Tax1099 "allows [users] to add unlimited number of payers (EIN/SSN numbers) to [a] single login account [and] allows [users to] [a]ccess all of [a user's] payer (client) and recipient information in an easy to navigate drop down list which is organized alphabetically."

**The Agreement and the Avalara1099 Service**

11. Avalara and TechAtlantis entered into a Reseller Agreement, dated and effective November 24, 2014.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 7
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

12. Avalara entered into the Agreement based upon, among other things, the marketing representations by TechAtlantis, which promised to simplify and streamline 1099-related reporting requirements, and to provide accurate and error-free filings.

13. TechAtlantis was aware of the importance of TechAtlantis's service to Avalara's customers, and that anything less than the highest level of service would reflect poorly on Avalara and harm its reputation.

14. Pursuant to the Agreement, TechAtlantis agreed to create, host, operate and maintain an Avalara-branded web-based 1099 service that would collect and processes taxpayer information, and manage the creation, validation, filing and distribution of completed IRS 1099 forms, as well as other IRS forms (the "Avalara1099 Service").

15. The Agreement contemplated that Avalara would market and sell the Avalara1099 Service to its own customers (each "AVA Customer"), on a "pay-for-use" basis, and that the parties would share the revenue from sales of the Avalara 1099 Service.

16. The Agreement also provided that Avalara could market and sell "Avalara 1099 Prepaid Forms" to AVA Customers, through channels other than Avalara1099 website.

17. The Agreement additionally contemplated that Avalara would sell certain "enterprise subscriptions" and enterprise services to AVA Customers.

18. In the course of negotiating the Agreement, the parties specifically discussed the sale of enterprise services to AVA Customers, and agreed that Avalara would pay TechAtlantis a single annual fee for each individual AVA Customer that purchased enterprise services. TechAtlantis was aware that one or more AVA Customers had multiple offices, yet at no time

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 8
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

did the parties discuss or agree to a pricing model under which Avalara would pay a separate fee per AVA Customer office location.

19. The parties' agreement as to the pricing of enterprise services was memorialized in the Agreement, which provides that Avalara would pay TechAtlantis "an annual fee of $75 for each customer that purchases Enterprise services (i.e., enterprise workflow and rights management features)."

20. As contemplated under the Agreement, Avalara did in fact enter into agreements with AVA Customers to make the Avalara1099 Service, including enterprise services, available to them. TechAtlantis was aware that Avalara made the Avalara1099 Service available to AVA Customers.

21. The course of conduct between the parties reflected treatment of enterprise customers as single customers. For example, with respect to one particular customer, Avalara customer log-ins were routed through a single "DNA," which is the customer's corporate Security Assertion Markup Language (SAML), rather than being stored in TechAtlantis/Avalara's system.

**The Avalara1099 Service Provided by TechAtlantis Was Grossly Defective**

22. In early 2015, Avalara identified issues with the Avalara1099 service during this initial service offering, but considered them to be "growing pains" that the parties could work through. Despite being brought to its attention, TechAtlantis never remedied these deficiencies.

23. Later during the term of the Agreement, Avalara became aware of multiple problems with the Avalara1099 Service, and received numerous complaints from AVA Customers.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 9
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

24. The problems with the Avalara1099 Service included, but were not limited to:

- Social security numbers were visible through the envelope window for IRS forms that were mailed;

- Social Security Numbers were improperly truncated;

- Forms were filed late with the IRS because they were not timely printed;

- Forms were filed incorrectly with the IRS;

- Recipients received W-2's for other individuals;

- Unacceptable service disruptions;

- SSL encryption issues;

- Duplicate filings; and

- Problems logging into the Avalara1099 Service.

25. As a result of the deficiencies with the Avalara1099 Service provided by TechAtlantis, Avalara was required to take extensive remedial actions on behalf of AVA Customers, and such remedial actions continue to this day.  These remedial actions include, but are not limited to, providing refunds to AVA Customers, writing off certain AVA Customer amounts, providing credit monitoring services to individual taxpayers affected by TechAtlantis' mistakes (due to social security numbers being viewable in mailings), retaining the services of other companies to provide the services TechAtlantis was obligated to provide under the Agreement, and correcting problematic filings.

26. The remedial actions have required a significant expenditure of time, resources and money by Avalara, and the full extent and costs of the remedial actions that will be required to remedy all of the problems caused by the deficient Avalara1099 Service provided by TechAtlantis are as yet unknown.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 10
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

27. Unsurprisingly, as a result of the defective Avalara1099 service, Avalara's reputation and business relationships with AVA Customers have been damaged. Indeed, one of Avalara's largest customers, who experienced extensive problems using the Avalara1099 Service, pointed to TechAtlantis' deficient performance as amounting to a breach of Avalara's contractual obligations to it.

**TechAtlantis Incorrectly Invoiced Avalara**

28. In addition to providing a deficient service, TechAtlantis also incorrectly invoiced Avalara. The errors in invoicing include charging for services not provided or improperly provided by TechAtlantis, overcharging for services provided by TechAtlantis, and failing to provide certain volume discounts as provided for in the Agreement.

29. In particular, pursuant to Section 5.3.2 of the Agreement, Avalara was to pay an annual fee of $75 for each AVA Customer that purchased enterprise services. Yet, with respect to one particular AVA Customer, TechAtlantis has invoiced Avalara $75 for each of the AVA Customer's offices and franchises. As a result of just this one type of invoicing error, TechAtlantis has improperly invoiced Avalara for fees totaling more than $537,000.

30. Although Avalara has attempted on numerous occasions to resolve the invoicing errors with TechAtlantis, TechAtlantis has refused to correct the invoices. In fact, as detailed below, TechAtlantis decided to hold hostage the data of Avalara and its customers in an effort to extract this higher payment to which TechAtlantis was not entitled.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 11
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**TechAtlantis Terminated the Agreement and Failed to Return AVA Customer Information**

31.     On January 26, 2016, in the midst of Avalara having to deal with the repercussions of the deficient Avalara1099 Service provided by TechAtlantis, TechAtlantis sent the email attached as Exhibit "B" to the Complaint to Avalara, terminating the Agreement.

32.     Soon after TechAtlantis provided the termination notice, Avalara received a demand by an AVA Customer who had experienced significant problems with the Avalara1099 Service for a return of their AVA Customer data, including data for individual taxpayers.

33.     The Agreement contains a number of provisions addressing AVA Customer data, and the obligations of the parties with respect to that data upon termination.

34.     Pursuant to Section 1.5 and 1.6 of the Agreement, the term "AVA Data" includes "all data created, or otherwise stored and maintained in, AVA Products" which term itself is defined to include, specifically, the Avalara1099 Service.

35.     Section 1.7 of the Agreement provides that the term "Confidential Information" includes "customer data."

36.     Section 7.3 of the Agreement provides, in relevant part, that "[e]ach AVA Customer will own all rights in and to the AVA Data provided by such Customer in the course of using the AVA Products or Avalara1099," and that "AVA (or the respective AVA Customer) retains all ownership rights to the AVA Data and such AVA Data shall be deemed AVA's Confidential Information."

37.     Section 10.4 of the Agreement provides that, "[u]pon Termination, each party shall promptly return . . . to the other party all Confidential Information."

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 12
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

38. Avalara has repeatedly requested that TechAtlantis provide Avalara with the data of the AVA Customer that made the demand.  However, despite the clear language of the Agreement identifying AVA Customer data as owned by AVA Customers, and despite the Agreement's provision requiring TechAtlantis to return Confidential Information (which includes AVA Customer data) to Avalara upon termination of the Agreement, TechAtlantis has refused to return all of the requested AVA Customer data.

39. Instead, aware that the AVA Customer who requested return of the data has threatened to initiate litigation against Avalara if the requested data is not returned, TechAtlantis has used the circumstance as a point of leverage in an attempt to force Avalara to pay the incorrect invoices as a condition to TechAtlantis' cooperation in returning the AVA Customer data that TechAtlantis clearly has no right to retain.

**TechAtlantis Has Disclosed Avalara's Confidential Information and Is Violating Avalara's Trademark Rights.**

40. Without Avalara's permission and in violation of the Agreement, TechAtlantis is using Avalara's trademark in advertisements.

41. Without Avalara's consent and in violation of the Agreement and Avalara's rights, TechAtlantis disclosed the Agreement by filing it publicly in this proceeding.

## COUNT I
## BREACH OF CONTRACT AND BREACH OF WARRANTY

42. Avalara realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 41 of its Counterclaim.

43. Pursuant to the Agreement, TechAtlantis was obligated to provide and maintain a properly functioning Avalara1099 Service.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 13
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

44. Pursuant to Section 11.2 of the Agreement, TechAtlantis represented and warranted Avalara that the Avalara1099 Service it provided to Avalara "would materially conform to its specifications, descriptions and other documentation" and that TechAtlantis would provide its services to Avalara "in a professional manner and in accordance with applicable industry standards."

45. As described herein, the Avalara1099 Service provided by TechAtlantis did not function properly.

46. Because the Avalara1099 Service provided by TechAtlantis did not function properly, TechAtlantis breached the Agreement, including breaching the representations and warranties it made to Avalara.

47. TechAtlantis was required to return all "Confidential Information," including all AVA Customer data, to Avalara upon termination of the Agreement.

48. TechAtlantis terminated the Agreement, but has failed to return all AVA Customer data to Avalara as required under the Agreement and despite repeated requests to do so.

49. TechAtlantis' refusal to return all AVA Customer data constitutes a separate breach of the Agreement.

50. Because of its breaches of the Agreement, TechAtlantis is not entitled to all or a substantial portion of the amounts invoiced to Avalara.

51. As a direct and proximate result of TechAtlantis' failure to provide a properly functioning Avalara1099 Service, Avalara has incurred substantial expenses in investigating and

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 14
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

attempting to remedy the problems caused by the defective Avalara1099 Service, and will continue to incur additional expenses, in an amount to be proved at trial.

52. The Agreement required TechAtlantic to refrain from disclosing the Agreement or its terms absent Avalara's permission.

53. TechAtlantic's filing the Agreement in this Court constitutes a breach of contract, breaching both the Agreement and the NDA.

54. As a direct and proximate result this disclosure, Avalara has been damaged in an amount to be proved at trial.

55. The Agreement required TechAtlantic to refrain from using Avalara's trademark without its permission.

56. TechAtlantic's use of Avalara's trademark in advertisements constitutes a breach of contract entitling Avalara to recover damages in and amount to be proved at trial.

## COUNT II
## INDEMNIFICATION

57. Avalara realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 56 of its Counterclaim.

58. Section 11.3 of the Agreement provides that:

Except to the extent arising from the other Party's gross negligence or willful misconduct, each Party will defend and indemnify the other party from and against any third-party claims (including, but not limited to, claims brought by AVA Customers), arising from such Party's own negligence, breach of this Agreement, or violation of a third party's intellectual property.

59. As described herein, TechAtlantis was negligent and breached the Agreement.

60. As a direct and proximate result of TechAtlantis' negligence and breach of the Agreement, Avalara has been subjected to claims by third parties.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 15
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

61. The claims of the third parties do not arise, in whole or in part, from any gross negligence or willful misconduct on the part of Avalara.

62. Consequently, TechAtlantis is obligated to indemnify Avalara for any and all liabilities incurred by Avalara as a result of such third party claims.

### COUNT III
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

63. Avalara realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 62 of its Counterclaim.

64. Avalara developed advantageous business relationships with AVA Customers.

65. Avalara entered into agreements with AVA Customers pursuant to which Avalara made available the Avalara1099 Service.

66. TechAtlantis knew of the relationships between Avalara and AVA Customers.

67. TechAtlantis, pursuant to the Agreement, agreed that AVA Customer data was the property of AVA Customers and that it constituted "Confidential Information" of Avalara.

68. TechAtlantis, pursuant to the Agreement, agreed to return all "Confidential Information" upon termination of the Agreement.

69. TechAtlantis terminated the Agreement, but has refused to return certain AVA Customer data, for the purpose of coercing Avalara into paying invoices it is not obligated to pay.

70. TechAtlantis knew that its refusal to return certain AVA Customer data would damage Avalara's business relationship with applicable AVA Customers.

71. TechAtlantis' conduct demonstrates a willful, intentional and malicious disregard for the consequences of its actions.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS - 16
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

72. As a direct and proximate result of TechAtlantis' actions, Avalara has sustained and continues to sustain damage to the business relationships with certain AVA Customers.

73. TechAtlantis' interference is ongoing and Avalara will suffer irreparable harm if it is allowed to continue.

### COUNT IV
### CONVERSION

74. Avalara realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 73 of its Counterclaim.

75. The AVA Data is owned by Avalara and its customers.

76. Avalara has a possessory right to, and a property interest in the AVA Data.

77. TechAtlantis has intentionally, wrongfully and willfully interfered with and appropriated the AVA Data.

78. As a direct and proximate result of TechAtlantis's acts, Avalara has been damaged in an amount to be proved at trial. Avalara is also entitled to injunctive relief because TechAtlantis' conversion is ongoing and Avalara will suffer irreparable injury if it is allowed to continue.

### COUNT V
### TRADEMARK INFRINGEMENT

79. Avalara realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 78 of its Counterclaim.

80. Avalara owns trademark rights in the name "Avalara." TechAtlantis has used and continues to use Avalara's trademark in commerce in connection with the sale of services, without authorization and in a manner likely to cause confusion among consumers. TechAtlantis' wrongful use of Avalara's trademark constitutes trademark infringement.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 17
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

81. As a direct and proximate result of TechAtlantis's infringement, Avalara has been damaged in an amount to be proved at trial. Avalara is also entitled to injunctive relief because TechAtlantis' infringement is ongoing as Avalara will suffer irreparable harm if it is allowed to continue.

## COUNT VI
## UNFAIR BUSINESS PRACTICES

82. Avalara realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 81 of its Counterclaim.

83. TechAtlantis' unauthorized use of the Avalara mark in its business activities is an unfair and deceptive business practice occurring in commerce, within the meaning of RCW 19.86 *et seq*. Avalara's business has been harmed by TechAtlantis' wrongful use of its mark, and the likelihood of consumer confusion stemming from TechAtlantis' conduct is a matter of public interest.

84. Avalara has been damaged by TechAtlantis' unfair business practices. Avalara is also entitled to injunctive relief because TechAtlantis' unfair practices are ongoing and Avalara will suffer irreparable harm if they are allowed to continue.

## PRAYER FOR RELIEF

WHEREFORE, Avalara respectfully requests judgment:

1. Dismissing TechAtlantis' Complaint;

2. Awarding Avalara actual damages in an amount to be proved at trial in addition to punitive damages;

3. Granting preliminary and permanent injunctive relief requiring TechAtlantis to return all AVA Customer data and to cease using Avalara's trademarks;

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 18
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

4.        Requiring TechAtlantis to indemnify Avalara for all amounts incurred as a result of third party claims caused by TechAtlantis' negligence and/or breach of the Agreement;

5.        Awarding Avalara its attorneys' fees, expenses, and costs; and

6.        Awarding such other and further relief as the Court deems just and equitable.

DATED this 3rd day of October, 2016.

          **GORDON TILDEN THOMAS & CORDELL LLP**
          Attorneys for Defendant Avalara, Inc.

    By     s/ *Jeffrey M. Thomas*
          Jeffrey M. Thomas, WSBA #21175
          Michael P. Brown, WSBA #45618
          1001 Fourth Avenue, Suite 4000
          Seattle, Washington 98154
          Telephone:  (206) 467-6477
          Facsimile:   (206) 467-6292
          Email:  jthomas@gordontilden.com
          Email:  mbrown@gordontilden.com

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 19
No. 2:16-cv-01325-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Michelle Peterson
>Michelle Peterson Law, PLLC
>1420 Fifth Avenue, Suite 2200
>Seattle, WA  98101
>michelle@michellepetersonlaw.com
>
>Suzanne G. Clark
>Clark Law Firm, PLLC
>244 W. Dickson St., Suite 201
>P.O. Box 4248
>Fayetteville, AR  72702-4248
>sclark@clark-firm.com

DATED this 3rd day of October, 2016.

>　　s/ *Jeffrey M. Thomas*
>Jeffrey M. Thomas, WSBA #21175

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 20
No. 2:16-cv-01325-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292