THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZENWORK, INC. f/k/a TECHATLANTIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVALARA, INC., <br><br> Defendant. | Case No. C16-1325 RAJ <br><br> **SUZANNE CLARK DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE OR IN THE ALTERNATIVE FOR PRELMINARY INJUNCTION** <br><br> NOTED: JANUARY 6, 2017 |

I, Suzanne Clark, declare as follows:

1. I am an attorney licensed to practice in the State of Arkansas, and *pro hac vice* in this case. I represent Zenwork, Inc. f/k/a Tech Atlantis, Inc.

2. I was retained after Tech Atlantis received correspondence from counsel for H&R Block ("HRB") threatening suit. The HRB correspondence is attached to the Declarations of Ed Pratt, as Exhibit B. I responded on behalf of Tech Atlantis, noting that Tech Atlantis had no contractual relationship to HRB and that Avalara had full access to its HRB data. Further, HRB was informed that the format for information being demanded by HRB was outside the scope of Avalara's agreement with Tech Atlantis. A true and correct copy of my correspondence is attached herein as Exhibit "A." My client's position with regard

CLARK DECLARATION IN SUPPORT
OF OPPOSITION TO MOTION FOR ORDER
TO SHOW CAUSE - 1

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

1. to the HRB data demanded has not changed.

2. 3.  Avalara, through its counsel, has previously threatened to seek an injunction and Zenwork made good faith efforts to provide a solution.  On October 6, Avalara counsel Jeff Thomas requested a conference to discuss Avalara's plans to seek a preliminary injunction.  See correspondence attached as Exhibit "B."  The telephone conference between parties' counsel occurred on October 10, 2016.

3. 4.  In order to accommodate HRB, the parties agreed that for payment by Avalara, Tech Atlantis would reinstate Avalara1099 for thirty days. (Pratt Decl., ¶ 19-20; Singh Decl., ¶ 11-12).

4. 5.  On November 30, 2016, after notice of its intent to file a motion for preliminary injunction, the parties again discussed the same issues over the identical demand.  See Declarations of Michael Brown and its attached Exhibit A.  (Dkt. #18)

DATED: January 3, 2017

_/s/ Suzanne G. Clark_
Suzanne G. Clark

CLARK DECLARATION IN SUPPORT
OF OPPOSITION TO MOTION FOR ORDER
TO SHOW CAUSE - 2

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2017, I electronically sent the foregoing to the following at the email designated below:

Michael P Brown
GORDON TILDEN THOMAS & CORDELL LLP
1001 4TH AVE
STE 4000
SEATTLE, WA 98154
206-467-6477
mbrown@gordontilden.com

Jeffrey M Thomas
GORDON TILDEN THOMAS & CORDELL LLP
1001 4TH AVE
STE 4000
SEATTLE, WA 98154
206-467-6477
jthomas@gordontilden.com

Dated: This 3rd day of January 2017.

/s/ Michelle Peterson
Michelle Peterson

CLARK DECLARATION IN SUPPORT
OF OPPOSITION TO MOTION FOR ORDER
TO SHOW CAUSE - 3

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

CLARK DECLARATION

EXHIBIT A



244 West Dickson Street, Suite 201
PO Box 4248
Fayetteville, Arkansas 72702-4248

Tel: (479) 856-6380
Fax: (479) 856-6381

Suzanne G. Clark
sclark@clark-firm.com

15 JULY 2016

VIA EMAIL (*adurone@berkowitzoliver.com*) AND U.S. MAIL

Mr. Anthony J. Durone
Berkowitz Oliver LLP
2600 Grand Boulevard
Suite 1200
Kansas City, MO  64108

RE:  Correspondence to Tech Atlantis, Inc.

Dear Mr. Durone:

This firm represents Tech Atlantis, Inc. ("Tech Atlantis"). I am in receipt of your correspondence to Tech Atlantis' Vice President, Mr. Ed Pratt, dated July 8, 2016. As a preliminary matter, Tech Atlantis is not a party to the contract you referenced, the "Avalara Services Agreement dated October 15, 2015 (the 'Agreement')." In fact, Tech Atlantis has never seen a copy of the Agreement. Tech Atlantis has no direct contractual obligation to H&R Block and will not provide the information demanded in your correspondence. If H&R Block has a claim for damages related to the information it demands, its claim is against Avalara, Inc. ("Avalara").

To be clear, Tech Atlantis has not denied Avalara, nor its customers, access to the client data you reference in your letter.  Nothing is being "held hostage." More importantly, the information H&R Block is demanding, in the specific format demanded, is outside the scope of the contract between Tech Atlantis and Avalara. Providing client data in the format you demand would require additional product development by Tech Atlantis. Neither H&R Block nor Avalara have a legal basis to demand Tech Atlantis invest its time and resources on providing information in the specific format demanded in your correspondence.

4833-5757-5730, v. 1

Mr. Anthony Duroni  15 July 2016
Tech Atlantis, Inc.  Page 2 of 2

    Tech Atlantis has a legitimate dispute with Avalara regarding Avalara's breach of the contract between them. Avalara is refusing to make payment to Tech Atlantis, while Tech Atlantis has fully performed its obligations. However, that dispute is currently irrelevant to the demands being made by H&R Block. Tech Atlantis is not privy to the contractual obligations Avalara has with H&R Block, but as previously noted, Avalara currently has complete access to all H&R Block client data. Any requirement to provide H&R Block with compiled client data, in any given format, should be directed to Avalara. That being said, providing continued access is at an ongoing cost to Tech Atlantis and it reserves the right to deny access if Avalara continues to refuse to make payment to Tech Atlantis.

    As we discussed this morning, I will remain in touch as Tech Atlantis attempts to resolve this matter with Avalara. Should a decision be made to deny Avalara access to the Tech Atlantis' database, I will provide notification of that decision.

    This correspondence does not provide a complete statement of Tech Atlantis' position, factually or legally, and does not waive any legal or equitable rights it may have in this matter, which rights are expressly reserved.

    I appreciate your time this morning and sincerely hope we will have a resolution wherein Avalara complies with its contractual obligations to both Tech Atlantis and H&R Block.

Best Regards,

*Suzanne G. Clark*
Suzanne G. Clark

CLARK DECLARATION

EXHIBIT B

## Suzanne Clark

**From:** Jeff Thomas <jthomas@gordontilden.com>
**Sent:** Thursday, October 6, 2016 4:04 PM
**To:** Suzanne Clark; michelle@michellepetersonlaw.com
**Cc:** Michael Brown
**Subject:** Zenwork, Inc. f/k/a TechAtlantis v. Avalara, Inc.

Dear Counsel,

As you are probably aware under Judge Jones's standing order, the parties are required to meet and confer prior to the filing of a motion. As you probably may have anticipated we will be filing a motion for preliminary injunction. Please let us know your availability tomorrow (Oct. 7; any time) or Monday (October 10; before noon).

Regards,

Jeff Thomas

**Jeffrey M. Thomas**
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
T 206.467.6477 | D 206.805.6609
F 206.467.6292
www.gordontilden.com

**GORDON TILDEN**
**THOMAS & CORDE.**

1