UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZENWORK, INC. f/k/a TECHATLANTIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVALARA, INC., <br><br> Defendant. | Case No. 16-01325-RAJ <br><br> ORDER |
| AVALARA, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> ZENWORK, INC. f/k/a TECHATLANTIS, INC. d/b/a EXAKTO.COM; 1099ONLINE.COM, TAX1099.COM; EZ2290; EZIFTA; EZEXTENSION; and FBARONLINE, <br><br> Counterclaim Defendants. | |

ORDER - 1

This matter comes before the Court upon Plaintiff Zenwork, Inc.'s (formerly known as Tech Atlantis) Motion for Reconsideration. Dkt. # 56. Having considered the Motion, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons that follow, the Court **DENIES** Plaintiff's Motion. Dkt. # 56.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

Plaintiff argues that there are manifest legal and factual errors in this Court's Order granting Defendant's Motion for Partial Summary Judgment such that reconsideration is appropriate. Dkt. # 51. Plaintiff takes issue with the Court's use of the definition of "purchase" as defined in Black's Law Dictionary while considering Defendant's Motion for Partial Summary Judgment. Plaintiff argues first, that using the definition in Black's Law Dictionary to aid in the interpretation of a contract term is contrary to Washington law. Plaintiff does not cite to any legal authority that supports the contention that courts may not use Black's Law Dictionary when interpreting the ordinary meaning of terms in a contract, that the Court is confined to the use of a particular dictionary, or that the Court must adhere to the parties' proffered definitions when interpreting a term in a legal contract. *See Lynott v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 123 Wash. 2d 678, 692 (stating that it was "helpful to examine legal dictionaries" when interpreting the definition of the word "acquisition" in a contract); *see also Wm. Dickson Co. v. Pierce Cty.*, 128 Wash. App. 488, 493, 116 P.3d 409, 413 (2005) (the meaning of undefined terms "**may** be ascertained by reference to standard English dictionaries.") (*emphasis added*). Plaintiff further argues that there is a genuine issue of fact as to the meaning of the term at issue because the

word "purchase" is "open to multiple interpretations." Dkt. # 56. However, "a contract is not ambiguous simply because the parties suggest opposing meanings." *Wm. Dickson Co. v. Pierce Cty.*, 128 Wash. App. at 494.

Plaintiff also argues that the Court failed to consider the extrinsic evidence submitted by the parties, focusing on a statement in a footnote in the Court's Order. However, the footnote states in its entirety: "Even if the Court found that consideration of extrinsic evidence was necessary, it applies only 'to determine the meaning of specific words and terms used and not to show an intention independent of the instrument or to vary, contradict, or modify the written word.' *G Vincent Ltd. v. Dux Area Inc.*, No. C09-383RAJ, 2011 WL 62136, at *4 (W.D. Wash. Jan. 6, 2011). The parties offer no extrinsic evidence on the meaning of the terms in Section 5.3.2 of the Agreement." Dkt. # 51. As noted in the order, consideration of extrinsic evidence was not necessary to determine the meaning of the word "purchase". Even if the Court did find consideration of the submitted evidence necessary, the extrinsic evidence submitted by the parties is more accurately described as possible evidence of the intent of the parties, and not evidence of the actual definition of the terms in Section 5.3.2 of the agreement at issue.

For all the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. Dkt. # 56.

Dated this 4th day of December, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3